# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

WENDY DERZAPH, *et. al.*,

Plaintiffs,

v.

WYNN LAS VEGAS, LLC,

Defendant.

Case No. 2:14-CV-01010-KJD-CWH

**ORDER**

Presently before the Court is Defendant's Motion for Partial Dismissal (#20). Plaintiffs filed a response in opposition (#21) to which Defendant replied (#24).

I. Background

Plaintiffs were hotel guests of Defendant Wynn Las Vegas, LLC ("Wynn") on July 13, 2012. On that date, Plaintiff Wendy Derzaph slipped on the bathroom floor of her hotel room, fell backward and struck her head upon the floor. Plaintiff Elliot Derzaph, Wendy's husband, and Plaintiff Ethan Derzaph, Wendy's son, were awakened in the adjacent bedroom by the sound of the fall. They went to the bathroom discovering Wendy unconscious and obviously severely injured. Elliot and Ethan suffered severe emotional distress resulting upon seeing Wendy's injuries. Plaintiffs then filed the present action for negligence and negligent infliction of emotional distress ("NIED").

Defendants then filed the present motion to dismiss Ethan's and Elliot's claim for negligent infliction of emotional distress.

II. Standard for a Motion to Dismiss

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." Wyler Summit Partnership v. Turner Broadcasting System, Inc., 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Consequently, there is a strong presumption against dismissing an action for failure to state a claim. See Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff has pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

The Iqbal evaluation illustrates a two prong analysis. First, the Court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. Id. at 1949-51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. If the allegations state plausible claims for relief, such claims survive the motion to dismiss. Id. at 1950.

III. Analysis

Defendant contends that the NIED claim must be dismissed, because Elliot and Ethan have not alleged that they contemporaneously observed the slip and fall accident. In order to prevail on their claim, Elliot and Ethan must show that they: (1) were located at the scene; (2) were emotionally injured by the contemporaneous sensory observance of the accident; and (3) were closely related to the victim. Grotts v. Zahner, 989 P.2d 415, 416 (Nev. 1999)(citing State v. Eaton, 710 P.2d 1370, 1377-78 (Nev. 1985)). Plaintiffs contend that, based on the reasoning of Crippens v. Sav On Drug

Stores, 961 P.2d 761 (Nev. 1998), it is not necessary to have contemporaneously observed the accident, but merely that the harm to Plaintiffs be reasonably forseeable. However, the Court disagrees.

Crippens expressly states that liability be determined by a jury under the unique facts presented in that case. Crippens, 961 P.2d at 763. In Crippens, a daughter administered medication to her mother which was procured from a pharmacist who negligently dispensed the wrong medication. The daughter witnessed the adverse effects of the medication and continued to administer the medication in accordance with the instructions received until her mother died. See id. at 762. The Nevada Supreme Court recognized that this was a much different factual scenario for a NIED claim than the typical, car accident bystander claim. See id. Thus, the court recognized that ". . . some of the language of these cases cannot appropriately be applied to the negligence of a pharmacist dispensing drugs." Id.

This is not a medical malpractice case, or the case of the negligence of a pharmacist. It is a slip and fall action, much more akin to the automobile accident cases Eaton and Legg which were embraced by Crippens in determining which standard to apply to the negligence of a pharmacist. See State v. Eaton, 710 P.2d 1370 (Nev. 1985)(expressly adopting the reasoning of Legg, a California case, in developing Nevada's standard for a negligent infliction of emotional distress claim); Dillon v. Legg, 441 P.2d 912 (Cal. 1968). Crippens does not overrule Eaton. The present action is much more factually similar to Ra v. Superior Court, 64 Cal. Rptr.3d 539 (Cal. Ct. App. 2007).

In Ra, plaintiff filed an NIED claim after her husband was struck by a large overhead sign which fell on his head in a retail establishment. Id. at 540-41. Plaintiff did not see the sign strike her husband, but did hear the sound of the impact. Id. She then turned to look for her husband and saw him on his knees grasping his head in pain. Id. The Ra court found that she had failed to establish an NIED claim, reasoning "[i]t is the traumatic effect of the perception of the infliction of injury on a closely related person (whether visual or not) that is actionable, not the observation of the consequences[.]" Id. at 546. The factual allegations of this action are very similar. Plaintiffs Ethan

and Elliot heard the sound of the occurrence but failed to perceive the infliction of the injury. Instead, they observed the consequences of the fall. Accordingly, they have failed to state a claim upon which relief may be granted. Elliot and Ethan Derzaphs' claims for negligent infliction of emotional distress are dismissed.

IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion for Partial Dismissal (#20) is **GRANTED**;

IT IS FURTHER ORDERED that the claims for negligent infliction of emotional distress are **DISMISSED**.

DATED this 3rd day of May 2016.

Kent J. Dawson
United States District Judge