# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

WENDY DERZAPH, *et al.*,

    Plaintiffs,

v.

WYNN LAS VEGAS, LLC,

    Defendant.

Case No. 2:14-CV-01010-KJD-CWH

**<u>ORDER</u>**

Presently before the Court is Defendant Wynn Las Vegas, LLC's Motion for Summary Judgment (#41).  Plaintiffs filed a response in opposition (#43) to which Defendant replied (#45).

<u>I. Facts</u>

On July 12, 2012, Plaintiffs left Los Angeles approximately 8:00 a.m. and arrived at the Wynn at approximately 2:00 p.m. *See Defendant's Motion for Summary Judgment, Doc. No. 41, Exhibit B, Deposition of Wendy Derzaph,* p.16:22-p.17:1; p.15:2-20.  After checking into their hotel room at the Wynn, Plaintiffs went to The Orleans to check-in where they also had a room booked. While Elliott and Ethan checked into their room at The Orleans, Wendy immediately began playing slot machines and drinking champagne. *Id.*, p.17:25-p.18:1-17; p.19:6-11.  After they checked into the room, Elliott and Ethan went to eat dinner while Wendy continued to play the machines. *Id.*, p.19:1-20:1-12.

1    Plaintiffs returned to the Wynn at approximately 6:00 p.m. or 7:00 p.m. *Id.*, p.20:16-22. Once

2   they arrived, Wendy went straight to the slot machines while Elliott and Ethan went up to the Wynn

3   hotel room. *Id.*, p.21:20-24. Wendy won several jackpots over the course of the next 12 hours. *Id.*,

4   p.23:24-p.25:1-17. While she was playing, she had several more drinks of champagne. *Id.*,

5   p.26:17-p.27:1-8. She did not think she was intoxicated, but just felt "happy." *Id.*, p.29:20-p.30:1-6.

6   Wendy could not recall the time she went back to the room the next morning, but she had been

7   "playing long enough to be tired." *Id.*, p.25:18-24. She estimated that she returned to the room at

8   approximately 6:00 a.m. or 7:00 a.m. *Id.*, p.27:18-24. Once Wendy returned to the hotel room, she

9   was "very tired" and immediately went to bed. *Id.*, p.27:25-p.28;1-5.

10    At approximately 10:30 a.m. that same morning, Wendy got out of bed to use the restroom.

11   *See*, *Mot. Summ. J., Doc. No. 41, Exhibit C, Plaintiff Wendy Derzaph's Answers to Wynn's Firs Set*

12   *of Interrogatories* (Excerpt), *Id.*, p.11:1-7. She washed her hands and then used the toilet which was

13   in a separate room next to the room with the sinks. *See, Mot. Summ. J., Doc. No. 41, Exhibit D,*

14   *Plaintiff Wendy Derzaph's First Supplemental Answers to Wynn's Firs Set of Interrogatories*

15   (Excerpt). She saw water on the floor as she began to pull up her pants. *Id.*,at p.11:1-7. The next

16   thing that she remembered was lying on the floor having slipped or fallen backwards striking the

17   back of her head and neck on the toilet.[1] *Id.*

18    Expert reports showed that, while dry, the bathroom floor met industry standards when tested

19   for slip resistance, or wet coefficient. *See*, *Mot. Summ. J., Doc. No. 41, Exhibit A, Deposition of*

20   *David Elliott,* p.13:4-11. However, the marble tile flooring did not meet industry standards when wet.

21   *See*, *Plaintiff's Opposition, Exhibit 2, David Elliott's May 27, 2015 Report; Exhibit 3, David Elliott's*

22   *April 28, 2016 Report.*

23   _____

24    [1]Though her statements at the time of the incident, in her responses to interrogatories, and in her deposition vary

25   slightly, they all are consistent in demonstrating that she believed that there was water on the floor before she fell. Inconsistencies between the statements go to the weight the jury may accord her testimony and are not serious enough to

26   convince the Court that her statements are merely uncorroborated, self-serving testimony designed to forestall summary judgment.

1     Plaintiffs filed the present action on May 27, 2014. The remaining claims allege negligence

2   and loss of consortium. At the conclusion of discovery, Defendant filed the present motion for

3   summary judgment asserting that when viewing the facts in a light most favorable to Plaintiffs,

4   insufficient evidence exists for a reasonable trier of fact to conclude that Defendant acted negligently.

5   II.  Standard for Summary Judgment

6     Summary judgment may be granted if the pleadings, depositions, answers to interrogatories,

7   and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any

8   material fact and that the moving party is entitled to a judgment as a matter of law.  See Fed. R. Civ.

9   P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The moving party bears the

10  initial burden of showing the absence of a genuine issue of material fact.  See Celotex, 477 U.S. at

11  323.  The burden then shifts to the nonmoving party to set forth specific facts demonstrating a

12  genuine factual issue for trial.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574,

13  587 (1986).

14     All justifiable inferences must be viewed in the light must favorable to the nonmoving party.

15  See Matsushita, 475 U.S. at 587.  However, the nonmoving party may not rest upon the mere

16  allegations or denials of his or her pleadings, but he or she must produce specific facts, by affidavit

17  or other evidentiary materials as provided by Rule 56(e), showing there is a genuine issue for trial.

18  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).  The court need only resolve factual

19  issues of controversy in favor of the non-moving party where the facts specifically averred by that

20  party contradict facts specifically averred by the movant.  See Lujan v. Nat'l Wildlife Fed'n, 497

21  U.S. 871, 888 (1990); see also Anheuser-Busch, Inc. v. Natural Beverage Distribs., 69 F.3d 337, 345

22  (9th Cir. 1995) (stating that conclusory or speculative testimony is insufficient to raise a genuine

23  issue of fact to defeat summary judgment)  Evidence must be concrete and cannot rely on "mere

24  speculation, conjecture, or fantasy.  O.S.C. Corp. v. Apple Computer, Inc., 792 F.2d 1464, 1467 (9th

25  Cir. 1986). "[U]ncorroborated and self-serving testimony," without more, will not create a "genuine

26

3

1  issue" of material fact precluding summary judgment. <u>Villiarimo v. Aloha Island Air, Inc.</u>, 281 F.3d

2  1054, 1061 (9th Cir. 2002).

3        Summary judgment shall be entered "against a party who fails to make a showing sufficient

4  to establish the existence of an element essential to that party's case, and on which that party will

5  bear the burden of proof at trial." <u>Celotex</u>, 477 U.S. at 322.  Summary judgment shall not be granted

6  if a reasonable jury could return a verdict for the nonmoving party.  See <u>Anderson</u>, 477 U.S. at 248.

7  <u>III. Analysis</u>

8        To prevail in a negligence action, a plaintiff must demonstrate "(1) the defendant owed the

9  plaintiff a duty of care, (2) the defendant breached that duty, (3) the breach was the legal cause of the

10  plaintiff's injuries, and (4) the plaintiff suffered damages." *DeBoer v. Sr. Bridges of Sparks Family*

11  *Hosp.*, 282 P.3d 727, 732 (Nev. 2012). Defendant's negligence is generally a question of fact for the

12  jury to resolve, and courts are reluctant to grant summary judgment in negligence cases. *Harrington*

13  *v. Syufy Enters.*, 931 P.2d 1378, 1380 (Nev. 1997).

14        In Nevada an "owner or occupier of land [is] held to the general duty of reasonable care when

15  another is injured on that land." *Moody v. Manny's Auto Repair*, 871 P.2d 935, 943 (Nev. 1994),

16  *superseded by statute on other grounds*. "An owner or occupant of land must exercise ordinary care

17  and prudence to render the premises reasonably safe for the visit of a person invited on his premises

18  for business purposes." *Id.* at 941. The Nevada Supreme Court has adopted *Restatement (Third) of*

19  *Torts: Physical and Emotional Harm* § 51 (2012) which imposes on "land possessors" a duty of

20  reasonable care to entrants on the land "in regards to ... artificial conditions on the land that pose

21  risks[.]" *See Foster v. Costco Wholesale Corp.*, 291 P.3d 150, 155 (Nev. 2012).

22        In the present action, Defendant asserts that Plaintiffs have not produced sufficient evidence

23  that it breached its duty of care to Plaintiffs and that the breach caused Plaintiffs' injuries. Defendant

24  has amassed a weight of evidence that no water was discovered on the floor after Plaintiff Wendy

25  Derzaph's accident. However, were a jury to credit her testimony that the floor was wet just before

26  her fall, a reasonable trier of fact could conclude that Defendant breached its duty of care to Plaintiffs

and that the resulting injuries were caused by the breach. Therefore, the Court must deny Defendant's motion for summary judgment.

IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant Wynn Las Vegas, LLC's Motion for Summary Judgment (#41) is **DENIED**.

DATED this 1st day of March 2017.


_____
Kent J. Dawson
United States District Judge

5